IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOMINIC LINDSEY, §<br>#56408-177 §<br>    Petitioner, §<br> §<br>v. §<br> §<br> §<br>UNITED STATES OF AMERICA, §<br>    Respondent. § | No. 3:22-cv-01718-M (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Dominic Lindsey, a federal prisoner incarcerated at FCI Pollock in Pollock, Louisiana, initiated this *pro se* habeas action by filing a four-page, handwritten document entitled "Title 28 USC 2241-Writ of Habeas Corpus." Pet. 1 (ECF No. 3). Lindsey's handwriting is very small and difficult to read. *See generally id.* On August 10, 2022, the Court sent Lindsey a Notice of Deficiency and Order (NOD) (ECF No. 4), which ordered him to file his petition in compliance with Federal Rule of Civil Procedure 8(a), on a court-approved form, and to pay the filing fee or file a motion to proceed *in forma pauperis* in this case. The Order further informed Linsey that failure to respond and cure the deficiencies by September 12 could result in a recommendation that his case be dismissed. Lindsey failed to timely respond to the NOD.

Accordingly, on September 14, the magistrate judge entered findings and conclusions recommending the Court dismiss Lindsey's petition

1

without prejudice under Federal Rule of Civil Procedure 41(b). Two weeks later, Lindsey filed a letter seeking more time to comply with the NOD. Lindsey attached a document from the Bureau of Prisons stating that, on May 12, FCI Pollock was placed on lockdown status due to an institutional emergency. On October 6, the Court construed Lindsey's letter as an objection and vacated the findings and conclusions. The Court advised Lindsey that he must correct the deficiencies set forth in the NOD by November 21. Again, however, Lindsey failed to timely respond to the NOD. Lindsey has not filed a petition that complies with Rule 8(a), paid the filing fee, filed a motion for leave to proceed *in forma pauperis*, or otherwise corrected the deficiencies in the NOD. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

2

cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Lindsey has failed to comply with the Court's order to file his petition in compliance with Rule 8(a), submit his claims on a court-approved form, and pay the filing fee or file a motion to proceed *in forma pauperis*. This Court cannot screen his claims, and this litigation cannot proceed until he cures these deficiencies.

Lindsey has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Lindsey's petition without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed November 29, 2022.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　REBECCA RUTHERFORD
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

3

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).